UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

TERRANCE FRAZIER,
and similarly, situated individuals,

    Plaintiff,

vs.

KEOLIS TRANSIT AMERICA, INC.,
a Delaware Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TERRANCE FRAZIER, (hereinafter "FRAZIER" or "Plaintiff"), sues Defendant, KEOLIS TRANSIT AMERICA, INC (hereinafter "KEOLIS" or "Defendant") by and through the undersigned counsel, hereby files and serves the instant Complaint and states:

1. FRAZIER, brings this action under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).

2. All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

## PARTIES

3. FRAZIER is an individual and resident of Miami-Dade County, Florida.

4. KEOLIS is a Delaware corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint.

5. KEOLIS was, during all times hereinafter mentioned, an "employer" within the meaning of the ADA.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

6. FRAZIER filed a charge of discrimination with the EEOC on October 9, 2018 (Ex. A).

7. On June 30, 2020, the EEOC issued a notice finding that there was reasonable cause to believe that FRAZIER was subjected to unlawful discrimination in violation of the American with Disabilities Act, Amendments Act (ADAAA), of 2008, as amended.

8. The EEOC issued a right-to sue notice on December 11, 2020 (Ex. B).

9. All conditions precedent to filing suit have been met or have been waived.

10. All administrative prerequisites to filing suit have been met or have been waived.

## FACTUAL ALLEGATIONS

11. KEOLIS is a leading provider of transportation services throughout the United States and Canada.

12. FRAZIER holds a commercial driver's license and has numerous years of experience as a driver of commercial vehicles.

13. FRAZIER has kidney disease and is awaiting a kidney transplant. FRAZIER has been on dialysis and dialysis due to kidney disease since 2016. As a result of his condition, FRAZIER does not urinate but instead has his blood cleaned when he goes to dialysis three times a week. FRAZIER's condition does not impose an impediment to local driving assignments because he does not have any desire to urinate because of the dialysis.

14. Driving is FRAZIER's chosen profession.

15. In Florida, KEOLIS operations include fixed-route paratransit and shuttle services.

16. Since KEOLIS' Florida operations mostly included fixed routes, KEOLIS was a highly desirable potential employer for FRAZIER because of his kidney disease. The nature of KEOLIS's routes allowed FRAZIER to drive and still have accessibility to his dialysis treatments.

17. FRAZIER applied to work for KEOLIS on or about August 23, 2018 to work as a driver.

18. FRAZIER successfully completed a road test on or about September 12, 2018. According to the September 12, 2018 road test results, FRAZIER had an "[e]xcellent road test."

19. FRAZIER was required to undergo a urine test to test for drugs.

20. KEOLIS uses FSSolutions, a subsidiary of First Hospital Laboratories to conduct drug and alcohol tests.

21. FRAZIER reported to FSSolutions in September 2018 for a urine test and informed them that he could not urinate because of his dialysis and kidney condition. Despite this knowledge, FSSolutions determined that FRAZIER had "shy bladder" syndrome and that he should therefore report to Concentra, another medical testing company, to be seen by a doctor and have a full physical.

22. On September 17, 2018, FRAZIER contacted KEOLIS or its agents and requested an opportunity to take the urine test again by hair or blood because of his kidney disease.

23. On September 17, 2018 FRAZIER reported to Concentra thinking that he was going to be given an alternate method to collect a urine sample. FRAZIER told Concentra of his kidney condition and presented Concentra with a letter from his doctor, Dr. Markovich, which stated that FRAZIER had been on dialysis since 2016 and that he was able to work without any limitations. Doctor Markovich also stated that there were "….no renal contraindications that would not allow

Fraser to obtain his CDL license. He is fully cleared." FRAZIER provided that letter to Concentra on September 17, 2020.

24. At about this time, FRAZIER spoke to a KEOLIS human resources manager, Carla Israel-Stokes, notified her that he had kidney disease which prevented him from urinating.

25. Even though FRAZIER had informed KEOLIS and FSSolutions that he had kidney disease which prevented him from urinating, on September 25, 2018, FSSolutions informed KEOLIS that FRAZIER's drug screen "resulted into a shy bladder." "Shy bladder," or paruresis is a social phobia in which a person finds it difficult or impossible to urinate in front of others.

26. FSSolutions and KEOLIS were well aware of FRAZIER's kidney disease at that time.

27. FSSolutions informed KEOLIS, in writing, that FRAZIER had a "long term medical condition." FSSolutions then informed KEOLIS that FRAZIER would be sent to another company, Concentra, to do a complete physical.

28. On September 28, 2018, Concentra initiated their shy bladder protocol which required that FRAZIER stay in their office for hours drinking large amounts of fluid until he could urinate. According to medical form, FRAZIER "stayed for 3 hours and still wasn't able to provide a sample."

29. This was dangerous. The consumption of excessive fluids could not only exacerbate FRAZIER's kidney disease, it could cause damage to other organs. This was also humiliating to FRAZIER since a Concentra employee had to watch to see if FRAZIER was about to urinate.

30. The medical review officer for FSSolutions wrote on September 28, 2018 that FRAZIER had a "disclosed medical condition that may have an adverse impact on the safe performance of safety-sensitive duties" and recommended further evaluation.

31. On October 26, 2018, FSSolutions wrote an email to Carla Israel-Stokes, human resources for KEOLIS, that FRAZIER had "passed the shy bladder drug screening on 9/28/18 conducted by Concentra FLL," and that a fitness-for-duty examination should be conducted.

32. Despite this e-mail, the human resources department of KEOLIS contacted FRAZIER after that date and told FRAZIER that he was required to go to Concentra again on October 29, 2018 and to bring any documentation from a doctor stating why he could not urinate. FRAZIER was given another physical examination on October 29, 2018.

33. According to the October 29, 2018 pre-placement examination form, FRAZIER again revealed to Concentra that he had kidney disease.

34. FRAZIER gave Concentra Dr. Markovich's letter again on October 29, 2018.

35. Concentra acknowledged receipt of this letter. According to a note dated November 6, 2018, contained on the Examination results form for the October 29, 2018 visit, FRAZIER "brought in clearance from the PCP."

36. Despite all of these clearances and having successfully passed the fitness-for-duty and road test, on October 31, 2018, Carla Stokes wrote to KEOLIS' recruiting manager, Rick Diaz, that "additional medical screenings" were suggested by KEOLIS' medical review officer to determine FRAZIER's ability to work.

37. The clinician at Concentra authorized FRAZIER to work without limitations or restrictions effective November 6, 2018.

38. FRAZIER filed a charge of discrimination with the EEOC on or about October 9, 2018.

39. KEOLIS received FRAZIER's charge of discrimination, the same day, November 6, 2018.

40. No one at KEOLIS or Concentra reached out to FRAZIER after November 6, 2018. FRAZIER's last contact with either KEOLIS or Concentra was on November 6, 2018.

41. KEOLIS later responded to that charge in February 2019 by falsely stating that FRAZIER was not hired because he "….did not complete the application process because he failed to report the Fitness-for-Duty physical examination…".

42. In fact, FRAZIER appeared at every examination requested of him including a fitness-for-duty examination.

43. KEOLIS acknowledged in its submissions to the EEOC that on September 12, 2018, FRAZIER "notified the Company that, due to medical reasons, he was requesting another form of drug screening other than a test in a bottle."

44. On June 30, 2020, the EEOC found reasonable cause to believe that FRAZIER had been subjected to unlawful discrimination. (Ex. C).

## COUNT I

**Violation of the ADAA**
**(Failure to accommodate)**

45. FRAZIER, a qualified individual with a disability.

46. FRAZIER has a permanent impairment that substantially limits one or more major life activities.

47. KEOLIS was informed of FRAZIER's disability several times between September 2018 and November 6, 2018.

48. FRAZIER demonstrated his qualifications for the position at issue on September 11, 2018 during a KEOLIS ordered driving test.

49. FRAZIER asked for an accommodation on several occasions.

50. On September 12, 2018, the FRAZIER requested a reasonable accommodation in the form of an alternate means besides a urine specimen to comply with the KEOLIS's drug screening. KEOLIS denied that request.

51. KEOLIS also acknowledged in its submissions to the EEOC that on September 12, 2018, FRAZIER "notified the Company that, due to medical reasons, he was requesting another form of drug screening other than a test in a bottle."

52. KEOLIS also acknowledged in its submissions to the EEOC that on September 17, 2018, FRAZIER contacted KEOLIS and "requested an opportunity to go back to the collection site to take the test again by hair or blood."

53. KEOLIS ordered a fitness-for-duty physical dated October 29, 2018. After a review of this information, FRAZIER again disclosed his disabilities to the KEOLIS. According to the examination results, the Clinician authorized the FRAZIER to work without limitations/restrictions effective November 6, 2018.

54. FRAZIER not only requested an accommodation of his disability, he gave KEOLIS or its agents doctor's notes on more than one occasion which discussed his kidney condition.

55. FRAZIER suggested a plausible accommodation for his condition that would not have caused an undue hardship for KEOLIS to provide.

56. KEOLIS failed to engage in the interactive process at this point by providing any alternatives to a urinalysis. Instead, the FRAZIER was subjected to a shy bladder protocol by the KEOLIS through their third-party agent that resulted in the FRAZIER being subjected to further medical screenings for alleged safety concerns as well as humiliation.

57. KEOLIS's actions were intentional or were taken with reckless disregard of FRAZIER's rights under the ADA.

### COUNT II

### Violation of the ADAA
### (Disability Discrimination)

58. Plaintiff re-alleges paragraphs 1-44 as if fully set forth herein.

59. KEOLIS was motivated in its unequal treatment of FRAZIER because of his disability in violation of the Americans with Disabilities Act (ADA) in violation of 42 U.S.C. § 12112.

60. The medical review officer for FSSolutions wrote on September 28, 2018 that FRAZIER had a "disclosed medical condition that may have an adverse impact on the safe performance of safety-sensitive duties" and recommended further evaluation.

61. KEOLIS's actions were intentional or were taken with reckless disregard of FRAZIER's rights under the ADA.

### COUNT III

### Violation of the ADAA
### (Perceived disability discrimination)

62. Plaintiff re-alleges paragraphs 1-44 as if fully set forth herein and alleges in the alternative:

63. KEOLIS was motivated in its unequal treatment of FRAZIER because of its perception that or he was regarded as being disabled in that KEOLIS perceived that his ability to work was substantially impaired, in violation of the Americans with Disabilities Act (ADA) in violation of 42 U.S.C. § 12112.

64. KEOLIS's actions were intentional or were taken with reckless disregard of FRAZIER's rights under the ADA.

65. "Shy bladder," or paruresis is a social phobia in which a person finds it difficult or impossible to urinate in front of others.

66. Shy bladder syndrome has been found by at least one court to be a disability within the meaning of the ADAAA.

## COUNT IV
## ADA Retaliation

67. Plaintiff re-alleges paragraphs 1-44 as if fully set forth herein

68. KEOLIS was motivated in its unequal treatment of FRAZIER because of his complaints or opposition to unlawful discrimination with regard to its perception that he was disabled, in violation of the Americans with Disabilities Act (ADA) in violation of 42 U.S.C. § 12203.

69. KEOLIS received FRAZIER's charge of discrimination on November 6, 2018 and then did nothing with his application. Instead, KEOLIS contrived the position that FRAZIER had failed to appear for a fitness-for-duty examination.

70. KEOLIS's actions were intentional or were taken with reckless disregard of FRAZIER's rights under the ADA.

WHEREFORE, for each Count, FRAZIER asks this Court to grant the following relief:

a. Issue a declaratory judgment finding that: KEOLIS's conduct toward FRAZIER violated the ADA;

b. Enjoin and restrain KEOLIS and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c. Enter judgment in favor of FRAZIER and against KEOLIS for backpay in the amount of wages and fringe benefits it is determined that FRAZIER has lost as a result of KEOLIS's unlawful conduct, together with prejudgment interest from the date of the violations.

d. Enter judgment in favor of FRAZIER and against KEOLIS for pecuniary and non-pecuniary compensatory damages together with prejudgment interest pursuant to 42 U.S.C. §12117 and 42 U.S.C. § 1981a;

e. Award FRAZIER punitive damages pursuant to 42 U.S.C. §12117 and

f. Award FRAZIER a reasonable attorney's fee, pursuant to 42 U.S.C. §12117 and 42 U.S.C. § 1981a together with costs of this action; and

g. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff FRAZIER's rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

## **JURY DEMAND**

FRAZIER demands trial by jury on all issues so triable.

                                                       Respectfully submitted,

                                                       GARY A. COSTALES, P.A.
                                                       1200 Brickell Avenue, Suite 1440
                                                       Miami, Florida 33131
                                                       (305) 375-9510 Ext. 314
                                                       (305) 375-9511 (facsimile)

                                                       /s Gary A. Costales_____
                                                       Gary A. Costales, Esq.
                                                       Florida Bar No. 0948829